UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**RHEN L. HENDRICKSON**                                                                                   **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 4:24-CV-P104-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al*.                                        **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action without prejudice.

### I.

Plaintiff Rhen L. Hendrickson is incarcerated as a convicted prisoner at Daviess County Detention Center (DCDC). He sues DCDC, Southern Health Partners (SHP), and SHP physician Tammy McCoy in her official capacity only.

Plaintiff states as follows in the complaint:

On 7/20/24 at 7:36 p.m. [Plaintiff] began feeling the effects of Phenytoin Poisoning which resulted in "stroke like symptoms." Alarmed, correctional officers escorted [Plaintiff] to the DCDC medical wing for evaluation. Medical noted his "left pupil was larger than his right," "his left side was weaker than the right side," and his was speech was distorted with great difficulty walking. DCDC Medical then quickly triaged [Plaintiff] to the Owensboro Regional Healthcare ER noting his "stroke like symptoms." While at OHRH ER, physicians diagnosed [Plaintiff] with "Phenytoin Poisoning" which resulted in stroke like symptoms causing permanent mental and physical damages.

He also states:

[SHP] is contracted by the [DCDC and was] responsible for [Plaintiff]'s medical needs. . . . [SHP] was solely responsible with administering [Plaintiff]'s seizure medication Phenytoin (Dilantin) and monitoring its toxicity level. The purpose of this Civil Action suite 1983 is to address that [SHP] failed [Plaintiff] by showing deliberate indifference to his serious and important medical needs . . . . The statement of fact is as follows: [Plaintiff] is prescribed and administered the

>   seizure medication Phenytoin (Dilantin).  Phenytoin is a medicine that's toxicity level must be closely monitored to ensure the patient is taking a safe dosage. . . . The effects of chronic drug toxicity can be dangerous and even deadly. . . .

(DN 1).  As relief, Plaintiff seeks damages.  He attaches to the complaint what appears to be a portion of his medical log from DCDC, a medical progress note, and his "After Visit Summary" from the hospital (DN 1-1).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Daviess County**

Defendant DCDC is not subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Daviess County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether

the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that his constitutional rights were violated due to a policy or custom of Daviess County. Indeed, his allegations pertain only to himself. Accordingly, Plaintiff's claim against Daviess County must be dismissed for failure to state a claim upon which relief may be granted.

**B. SHP and Dr. McCoy**

Plaintiff sues Dr. McCoy in her official capacity only. "Official capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claim against Dr. McCoy is actually against her employer, Defendant SHP. The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a privately contracted entity such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d

810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Thus, as above, because Plaintiff does not assert that his constitutional rights were violated due to a custom or policy implemented by SHP, and his allegations pertain only to himself, his claim against SHP and his official-capacity claim against Dr. McCoy must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, even if Plaintiff had sued Dr. McCoy in her individual capacity, that claim would also be dismissed. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Thus, because the complaint contains no allegations against Dr. McCoy, an individual-capacity claim against her would also be subject to dismissal for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

The Court, however, will dismiss the action without prejudice and with leave to amend to the complaint for Plaintiff to identify each SHP official who was deliberately indifferent to his serious medical needs; to sue these officials in their individual capacities; and to state specifically the actions each official took or failed to take which violated his constitutional rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

      The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

Date: December 11, 2024

*Joseph H. McKinley Jr.* (signature)

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.011